**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. ELSTON L. STEPHENSON,<br>　　　　　Petitioner,<br><br>　　　　　　　v.<br><br>DEPARTMENT OF THE NAVY,<br>　　　　　Agency. | DOCKET NUMBER<br>CB-1208-17-0016-U-1<br><br><br><br>DATE: April 13, 2017 |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Elisabeth R. Brown, Esquire, Oakland, California, for the petitioner.

Geoffrey D. Chun, San Diego, California, for the agency.

## BEFORE

Mark A. Robbins, Vice Chairman

## ORDER ON STAY REQUEST

¶1　　Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests that the Board stay for 45 days the agency's probationary termination of Elston Stephenson while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2    The following allegations of fact are set forth more fully in OSC's stay request. Mr. Stephenson joined the agency as a Safety and Occupational Health Specialist in February 2016, with approximately 20 years of experience in that field. Stay Request File (SRF), Tab 1 at 5-6. The agency designed his position to help the Fleet Readiness Center Southwest (FRCSW) achieve and maintain its certification under an international health and safety standard and improve the organization's safety program. *Id*. at 6. Over a period of time, he expressed a number of safety concerns regarding inadequate fall protections to the FRCSW Safety Program Director and others. *Id*.

¶3    On August 4, 2016, Mr. Stephenson informed the Safety Program Director as well as the Safety and Regulatory Compliance Director that the FRCSW had experienced five recent falls, causing a variety of injuries. *Id*. He recommended to those individuals that the Commander of FRCSW identify fall protections as the highest safety priority. *Id*. On August 5, 2016, Mr. Stephenson also alerted officials at the Fleet Readiness Centers Command (COMFRC) about one of those recent falls, when an individual fell from an F-18 aircraft, broke his clavicle, and required overnight hospitalization. *Id*. at 7. In doing so, he expressed concerns of a systemic safety threat and explained that he already had brought the issue to the FRCSW Safety Program Director and the Safety and Regulatory Compliance Director. *Id*.

¶4    By August 9, 2016, Mr. Stephenson alerted officials at COMFRC that FRCSW officials had failed to comply with an Occupational Safety and Health Administration (OSHA) requirement that the agency report the aforementioned hospitalization, despite his reminders that they should do so. SRF, Tab 1 at 7, Tab 3 at 130; *see* 29 C.F.R. § 1904.39(a)(2) (requiring that an employer report the in-patient hospitalization of an employee due to a work-related incident to OSHA within 24 hours). That same day, an official with COMFRC sent an inquiry to an official with FRCSW in an email containing Mr. Stephenson's August 5 message

about the recent falls. SRF, Tab 1 at 7-8. That FRCSW official responded, adding the FRCSW Safety and Regulatory Compliance Director to the email chain, who then responded by disputing Mr. Stephenson's claims and concerns. *Id*. at 8.

¶5 On August 10, 2016, OSHA received an anonymous complaint from employees at the FRCSW concerning inadequate fall protections. *Id*. at 9. OSHA notified the FRCSW of the complaint the following day. *Id*.

¶6 On August 12, 2016, the FRCSW Safety and Regulatory Compliance Director submitted a write-up to a human resources official to justify Mr. Stephenson's removal. *Id*. Among other things, this write-up includes language expressly identifying Mr. Stephenson's contacts with COMFRC and what the FRCSW Safety and Regulatory Compliance Director believed was his anonymous complaint to OSHA as grounds for his removal. *Id*. at 10-11. On August 16, 2016, the FRCSW Safety Program Director provided a similar write-up. *Id*. at 11-12. The agency then removed Mr. Stephenson on August 17, 2016. *Id*. at 5.

¶7 Separate from his disclosures concerning fall protections and OSHA reporting requirements, Mr. Stephenson also filed a July 28, 2016 complaint with agency leadership, requesting an Inspector General investigation. *Id*. at 12. The complaint identified hostile work environment and equal employment opportunity issues stemming from a previously investigated matter involving the FRCSW Safety Program Director and his reported sharing of sexually explicit material with subordinates. *Id*. Mr. Stephenson informed the FRCSW Safety and Regulatory Compliance Director on or around August 5, 2016, that he had made this complaint, and she shared it with others just before submitting her write-up to justify Mr. Stephenson's removal. *Id*. at 13.

¶8 On April 11, 2017, OSC filed the instant stay request, arguing that it has reasonable grounds to believe that the agency's decision to remove Mr. Stephenson was reprisal for whistleblowing, a prohibited personnel practice

under 5 U.S.C. § 2302(b)(8).  *Id*. at 5.  OSC is requesting the Board to stay the agency's removal action for 45 days while OSC continues to investigate the matter.  *Id*.  On April 12, 2017, the agency filed a response to OSC's stay request.  SRF, Tab 3.

## ANALYSIS

¶9        Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request any member of the Merit Systems Protection Board to order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice.  Such a request shall be granted, unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate.  5 U.S.C. § 1214(b)(1)(A)(ii).  OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed.  *See Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010).  The Board has the authority to stay a probationary termination after its effective date if it determines that OSC has reasonable grounds to believe the action was taken as a result of a prohibited personnel practice.  *Special Counsel ex rel. Rigdon v. Department of the Army*, 98 M.S.P.R. 110, ¶ 13 (2004).

¶10       To establish a prima facie violation of 5 U.S.C. § 2302(b)(8), OSC must demonstrate that:   (1) the employee made a protected disclosure; (2) the official(s) who recommended, took, or threatened the personnel action had actual or constructive knowledge of the protected disclosure; (3) a personnel action was taken or not taken, or threatened to be taken or not taken; and (4) the protected disclosure was a contributing factor in the challenged personnel action.  *Office of Special Counsel ex rel. Hopkins v. Department of Transportation*, 90 M.S.P.R. 154, ¶ 4 (2001).  Regarding the first element, a disclosure is

protected under 5 U.S.C. § 2302(b)(8) if the individual has a reasonable belief that the information being disclosed evidences any violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 7 (2016).

¶11     Based on the facts set forth above, I find that OSC has reasonable grounds to believe that the agency improperly removed Mr. Stephenson in retaliation for a protected disclosure. Mr. Stephenson appears to have made a protected disclosure by revealing that the agency violated a regulation that required reporting a workplace injury to OSHA.[2] *See* 29 C.F.R. § 1904.39(a)(2). He may have also made others, including protected disclosures of a substantial and specific danger to public health or safety when he repeatedly reported fall protection deficiencies. Based on OSC's assertions, it appears that Mr. Stephenson's disclosures were a contributing factor in his termination. *See Sirgo v. Department of Justice*, 66 M.S.P.R. 261, 267 (1995) (recognizing that a probationary termination is a personnel action). At a minimum, the facts alleged by OSC suggest that the FRCSW Safety and Regulatory Compliance Director and the FRCSW Safety Program Director learned of Mr. Stephenson's disclosures and recommended his termination just days later, satisfying the knowledge/timing test.[3] *See Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶¶ 25-26 (2015) (observing that the appellant met his burden to prove contributing factor when agency officials knew about the protected disclosure and removed the appellant within a year of the disclosure, meeting the knowledge/timing test).

---

[2] The agency concedes that this may constitute a protected disclosure. SRF, Tab 3 at 14, 20.

[3] Despite arguing that Mr. Stephenson's disclosures did not contribute to his removal, the agency appears to concede that the knowledge/timing test is satisfied. SRF, Tab 3 at 23-25.

¶12     Given the deference that should be afforded to OSC and the assertions made in its stay request, I find that there are reasonable grounds to believe that the agency engaged in a prohibited personnel practice described in 5 U.S.C. § 2302(b)(8).

**ORDER**

¶13     Based on the foregoing, I conclude that granting OSC's stay request would be appropriate. Accordingly, a 45-day stay of the agency's probationary termination action is GRANTED. The stay shall be in effect from April 13, 2017, through and including May 27, 2017. It is further ORDERED that:

(1)     During the pendency of this stay, Mr. Stephenson shall be reinstated to the GS-12 Safety and Occupational Health Specialist position he held prior to his probationary termination;

(2)     The agency shall not effect any changes in Mr. Stephenson's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)     Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order; and

(4)     Ordinarily, a request for an extension of a stay pursuant to 5 U.S.C. § 1214(b)(1)(B) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, no later than 15 days before the expiration of the stay. Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board, together with any evidentiary support, no later than 8 days before the

expiration of the stay. However, the Board currently lacks the quorum necessary to grant an extension of the stay.


FOR THE BOARD:                  _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.